January 8, 2026

**VIA ECF**
Hon. Ona T. Wang
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        RE:    *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143, This document relates to all actions

Dear Judge Wang:

    News Plaintiffs now suggest that this Court should hold OpenAI in contempt for purportedly violating court orders and schedule an evidentiary hearing to "determine appropriate remedies or sanctions." ECF 1061 ("Mot.") at 1. But News Plaintiffs have not even done the bare minimum that would be required to back up these extraordinary demands. They ignore the applicable standard for a finding of contempt, no doubt because they cannot possibly show that OpenAI—which has fully complied with both Orders at issue here—failed to "diligently attempt[] to comply in a reasonable manner" with a "clear and unambiguous" directive of this Court. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). And they do not identify a single factual dispute that this Court would resolve at the evidentiary hearing they demand.

    News Plaintiffs' motion, in other words, is not a *bona fide* attempt to explain why OpenAI should be sanctioned or why an evidentiary hearing is necessary, but rather yet another attempt to distort the history of this dispute. But the facts are clear: OpenAI recently completed one of the largest productions of user data in history, in the face of extraordinary technical and privacy challenges. It did so while complying with every one of this Court's directives, and continues to work collaboratively with Plaintiffs to solve issues relating to redactions—including by working through the holidays to re-produce a new version of the same data that already address some of the very redaction issues Plaintiffs complain about in their motion. Plaintiffs' accusations of "obstruction" are baseless and their motion should be denied.

**I.   News Plaintiffs Do Not Identify Any Violation Of Any Order**

    News Plaintiffs request an order to show cause, but their motion does not even attempt to meet (or even address) the high standard for such a request. Courts do not hold parties in contempt absent a showing that a party failed to "diligently attempt[] to comply in a reasonable manner" with a "clear and unambiguous" requirement of a court order. *King*, 65 F.3d at 1058. Put another way, to justify their extraordinary request, News Plaintiffs must identify a clear and unambiguous

directive and show that OpenAI did not make a reasonable attempt to comply with it. Their motion comes nowhere close to meeting that requirement.

News Plaintiffs accuse OpenAI of three separate violations, each of which are illusory. First, they suggest that OpenAI violated the Preservation Order because a small percentage of the 20M logs they requested for sampling were removed from the offline data warehouse from which the merits sample would be derived. Mot. at 3. At the outset, News Plaintiffs are wrong to suggest that these logs are unavailable because OpenAI "deleted them." *Id.* These logs are no longer available because OpenAI's users chose to delete them. News Plaintiffs' suggestion that OpenAI's processing of those deletions was somehow inconsistent with this Court's May 13 Preservation Order is simply wrong. OpenAI has repeatedly explained that interrupting the processes that cause user-deleted data to be removed from its offline data warehouse—*i.e.*, the source from which the merits sample would be derived—would require "significant changes to OpenAI's data infrastructure." ECF 64-4 at ¶8. To avoid that, this Court explained that the Preservation Order did not require OpenAI to suspend these specific "deletion processes." 5/27/2025 Hr'g Tr. 34:17-20. Instead, the Court directed OpenAI to set aside preserved tables of conversation data from separate "30-day tables," which the parties then used for an extensive sampling exercise under the Court's close supervision. ECF 79.

In other words, OpenAI complied with the Preservation Order by "preserv[ing]" ChatGPT conversation data and "segregat[ing]" it in a separate table, *see* ECF 33—without interrupting the processes that remove user-deleted conversations from the warehouse from which the parties planned to pull the merits sample. That is why a small subset of News Plaintiffs' requested logs were not available for sampling. But that does not in any way establish that OpenAI failed to comply with this Court's directives: to the contrary, it just proves that OpenAI did exactly what the Court told it to do.

Second, News Plaintiffs suggest that OpenAI violated this Court's Production Order by filtering out a small number of the logs News Plaintiffs selected for sampling. Mot. at 3. Wrong again. OpenAI explained that it would need to "filter[]" the sample over six months ago. *See* ECF 435-1 ¶7; *see also* Decl. of Edward Bayley Ex. A at 1-2 (explaining need to filter out data "generated by out-of-scope models" and to "exclude conversation logs generated … for litigation-related purposes"). While Plaintiffs refused to take up OpenAI's offer to filter out conversations generated by their own attorneys or experts, at no point did they suggest (as they now do, *see* Mot. at 3) that conducting this step would somehow constitute sanctionable conduct. *See* Bayley Decl. Ex. B at 1–2. Indeed, these details of how the sample would need to be processed and filtered were not specified in the Production Order. ECF 734.

Third, News Plaintiffs suggest that OpenAI violated the Production Order by "redact[ing]" the conversation data in the sample. But the Production Order explicitly required OpenAI to do exactly this. ECF 734. And this Court has repeatedly relied on the fact that OpenAI would de-

2

identify the records before producing them. ECF 896 at 7. News Plaintiffs complain that OpenAI's redactions were overbroad and that OpenAI deliberately redacted specific logs to "obstruct News Plaintiffs." Mot. at 2. This is untrue. As OpenAI explained to News Plaintiffs, every single one of the redactions in the produced data was implemented by a content-agnostic, automated system—the only available means to adequately de-identify logs of this nature and at this unprecedented volume—designed to look for information that may personally identify a user and remove it. As such, the redactions that News Plaintiffs complain about are redactions to URLs that contain personal names or other personally identifying information (*e.g.*, "www.linkedin.com/in/john-doe-410ba852"). *See* Decl. of Vinnie Monaco ¶3. Moreover, News Plaintiffs fail to mention that OpenAI worked diligently through the holiday break to address any News Plaintiff concerns about redactions as soon as they were raised and successfully re-produced an updated version of the conversation data with requested redactions removed on December 23. Bayley Decl. Ex. C at 1. Nor do they disclose that they have ignored OpenAI's repeated offers to work with Plaintiffs to address any other redaction-related issues. *See* Bayley Decl. Ex. D at 1, 8.

In short, News Plaintiffs do not identify a single basis for their claim that OpenAI has violated this Court's orders. Courts do not issue orders to show cause based on vague and unsubstantiated suggestions (like those in News Plaintiffs' motions). OpenAI has complied with each and every one of this Court's directives, and News Plaintiffs' request should be denied.

## II. An Evidentiary Hearing Is Unwarranted

Finally, Plaintiffs also demand that the Court "set an evidentiary hearing following the close of expert discovery," Mot. 3—but they make no attempt to explain why this is necessary. Evidentiary hearings are appropriate when there is a factual dispute that must be resolved. *See, e.g.*, *Wells v. Miller*, 2023 WL 3948628, at *5 (S.D.N.Y. June 12, 2023). But News Plaintiffs have made no attempt to identify any such factual disputes or explain how an evidentiary hearing will advance this litigation in any meaningful respect.

News Plaintiffs, for example, claim to want to elicit testimony on the methodology OpenAI used to swap out the logs that were filtered out. Mot. at 3. But OpenAI has already explained exactly how it would (and did) replace these filtered-out logs: by "selecting logs at random." Bayley Decl. Ex. A. News Plaintiffs have been aware of that for months; indeed, they explicitly agreed to it. *See* Bayley Decl. Ex. B at 2 (agreeing "that [OpenAI] can begin retrieving and decompressing additional records" by "selecting logs at random"). Similarly, News Plaintiffs claim to need testimony on the precise methodology OpenAI used to conduct the redactions. But OpenAI has already disclosed that methodology, ECF 435-1 ¶8, and continues to work collaboratively with News Plaintiffs to refine it, *see* Monaco Decl. ¶4, and to provide additional information where appropriate, *see* Mot. at 2 (acknowledging that OpenAI "agreed" to provide additional metadata).

3

Finally, News Plaintiffs claim that they need testimony on the precise timing of each and every decision by a ChatGPT user to delete a conversation log that News Plaintiffs requested for inclusion in the merits sample. To justify that request, News Plaintiffs speculate that OpenAI's privacy notifications to users "may well have caused some users to ask OpenAI to delete conversations in which they called for copyrighted content from News Plaintiffs." Mot. at 3. But naked and baseless speculation is not a sufficient reason to set an evidentiary hearing. And even if the Court were to credit Plaintiffs' new whole-cloth theory, the way to evaluate it is for News Plaintiffs to request additional data via conferral regarding OpenAI's responses to the interrogatory News Plaintiffs propounded on this very subject. Bayley Decl. Ex. E at 10. Plaintiffs' requests should be denied.

Respectfully submitted,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Edward A. Bayley | | /s/ Rose S. Lee |
| Edward A. Bayley* | Margaret Graham | Rose S. Lee* |

cc: All Counsel of Record (via ECF)

---

* All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.